# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES, § § *Plaintiff*, § § § Case No. 4:10-CR-00140 v. § Judge Mazzant § ALEJANDRO CABRERA, § § *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #661). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

In November 2012, a jury indicted Defendant on two counts: conspiracy to distribute methamphetamines in violation of 21 U.S.C. § 846; and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Dkt. # 492; Dkt. #657 at p. 1). For these offenses, the Court sentenced Defendant to 251 months of imprisonment (Dkt. #661 at p. 2). Defendant has served roughly fourteen years and three months of his 251-month sentence (Dkt. #661 at p. 2). He is currently serving the remainder of his sentence at Yazoo City USP facility (Dkt. #661 at p. 6). The Bureau of Prisons ("BOP") projects that Defendant will be released by January 2, 2028 (Dkt. #661 at p. 2).

On July 25, 2023, Defendant filed his Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) seeking a sentence reduction based on extraordinary and compelling reasons (Dkt. #661). On August 4, 2023, the warden denied Defendant's request, arguing that Defendant

did not meet BOP's requirements for compassionate release (Dkt. #665-1 at p. 2). The Motion is now ripe for the Court to consider.

## LEGAL STANDARD

### I.   18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). "Often referred to as 'compassionate release,' § 3582(c)(1)(A) embodies a rare exception to a conviction's finality." *United States v. Wilson*, No. 1:07-CR-236-MAC-CLS-1, 2024 WL 4267923, at *3 (E.D. Tex. Sept. 23, 2024). The statute gives the Court discretion, under certain circumstances, to reduce a defendant's term of imprisonment. *Id.* The First Step Act of 2018, in part, states:

> (A)   the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)   extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Pub. L. No. 115-391, 132 Stat. 5194, codified as 18 U.S.C. §3582(c)(1)(A).[1]

Instead of defining "extraordinary and compelling reasons," Congress delegated its authority to the United States Sentencing Commission ("Commission") to define the term. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *see also Wilson*, 2024 WL 4267923, at *3 (collecting cases); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024). "Although the Commission issued a policy statement prior to the passage of the [First Step Act] that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the [Bureau of Prisons]" *Wilson*, 2024 WL 4267923, at *3. Accordingly, the Fifth Circuit held that the policy statement was inapplicable to motions filed by defendants on their own behalf. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

This changed on November 1, 2023, when the amendments to the United States Sentencing Guidelines ("Guidelines") became effective. The Commission amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *Wilson*, 2024 WL 4267923, at *4 (citing U.S.S.G. § 1B1.13). Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." U.S.S.G. § 1B1.13(b). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the

---

[1] This provision is often referred to as "compassionate release." *See Wilson*, 2024 WL 4267923, at *3 (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence. *Id.* § 1B1.13(b)(1)–(6). Notably, rehabilitation alone is insufficient to grant a defendant's motion for compassionate release. *Jean*, 108 F.4th at 279.

## II.     Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) states that the Court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *Wilson*, 2024 WL 4267923, at *4 (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020)).[2] That is, a defendant may not seek relief from a court before first exhausting each administrative avenue available to the defendant. *See Wilson*, 2024 WL 4267923, at *4. "Accordingly, before seeking relief from the [C]ourt, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

This exhaustion requirement is a "mandatory claim-processing rule," which means a defendant may not waive it himself. *Franco*, 973 F.3d at 468; *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory . . . we must enforce this procedural rule"). However, that is not to say the exhaustion requirement can never be waived. Section 3582(c)'s exhaustion requirement is a claim-processing rule—not a

---

[2] The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Wilson*, 2024 WL 4267923, at *4.

4

jurisdictional prerequisite. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Thus, like other claim-processing rules, "the Government must properly raise the rule before it will be enforced." *Id.* (cleaned up); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (cleaned up and citations omitted) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it . . . But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point."). In turn, if the Government does not invoke the exhaustion requirement, the Court will deem the matter waived for the purposes of a defendant's motion under § 3582(c)(1)(A). *See Ward*, 11 F.4th at 361; *see also United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding abuse of discretion where the failure to exhaust administrative remedies was raised *sua sponte*).

### III. U.S.S.G.'s Policy Statement

#### A. Defendant's medical circumstances (U.S.S.G. § 1B1.13(b)(1))

The Sentencing Commission has enumerated four separate medical circumstances to consider in evaluating a compassionate release request. U.S.S.G. § 1B1.13(b)(1)(A)–(D).

First, whether the Defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)." *Id.* § 1B1.13(b)(1)(A). Although a life-expectancy prognosis is not required, the provided examples make clear how serious the illness must be: "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* Fifth Circuit precedent is in accord. *See, e.g.*, *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam) ("We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion."). Generic conditions like hypertension or high cholesterol are insufficient.

*See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding neither hypertension nor high cholesterol to be terminal conditions); *United States v. Koons*, 455 F.Supp.3d 285, 291–92 (W.D. La. 2020) (similar, but for high cholesterol, hypertension, and acid reflux).

Second, whether the defendant is "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B). This condition must be so severe that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* When the defendant's conditions are "'managed effectively by medication' and do not 'substantially diminish the ability of the defendant to provide self-care,'" the defendant's medical condition is not an "extraordinary and compelling reason[] warranting compassionate release . . . ." *United States v. Love*, 853 F.App'x 986, 987 (5th Cir. 2021) (quotations omitted).

Third, whether the Defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). This subcategory focuses on the lack of resources and medical care available in some correctional facilities. Courts have found insufficient general complaints about long-term issues without medical proof of the condition or how it is deteriorating. *See, e.g.*, *United States v. Ani*, No. 21-00147, 2024 WL 50775, at *4 (D. Haw. Jan. 4, 2024) ("BOP is providing him with medical care, such as medication. There is no evidence that his medical conditions are deteriorating; that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of

6

serious deterioration in health or death; or that his ability to care for himself has been seriously diminished."); *United States v. Dessaure-Outlaw*, No. CR 122-023, 2024 WL 83327, at *2 (S.D. Ga. Jan. 8, 2024) (finding general complaints about surgery complication and diabetes insufficient).

Fourth, whether the defendant is in a facility that is "at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(b)(1)(D)(i). In addition, the defendant's "personal health risk factors and custodial status" must put them "at increased risk of suffering severe medical complications or death . . . ." *Id.* § 1B1.13(b)(1)(D)(ii). The facility must also be unable to "adequately mitigate[]" the defendant's increased risk "in a timely manner." *Id.* § 1B1.13(b)(1)(D)(iii).

Courts have repeatedly denied motions related to the COVID-19 pandemic under this section.[3] In fact, the Fifth Circuit has "repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health." *McMaryion*, 2023 WL 4118015, at *2 (citing *Thompson*, 984 F.3d at 432–34 (5th Cir. 2021) (denying relief to a hypertensive stroke survivor concerned by COVID-19)); *see also United States v. Rodriguez*, 27 F.4th 1097, 1098–1101 (5th Cir. 2022) (denying relief where movant fearing COVID-19 suffered from heart failure). Indeed, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also Koons,*

---

[3] *See, e.g.*, *United States v. Blair*, No. 5:19-CR-50058, 2023 WL 8223470, at *3 (W.D. Ark. Nov. 6, 2023) (finding the mere risk of COVID-19 infection was too speculative to serve as an extraordinary and compelling medical circumstance); *United States v. Williams*, No. GLR-97-355, 2023 WL 8019023, at *4 (D. M.D. Nov. 20, 2023) ("Hypertension and high BMI were not sufficient to warrant a prisoner's relief when the BOP facility's COVID-19 numbers were low, and the inmate did not show that he would not receive appropriate treatment if he were to contract the virus.").

455 F.Supp.3d at 290) ("[A] prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP . . . .").

Further, the increased risk from an outbreak or emergency must exist at the time relief would be granted. The Sentencing Commission drafted this section using words that convey the necessary, continuous nature of the risk—"at imminent risk of being affected," "ongoing outbreak," "ongoing public health emergency," and "increased risk of suffering." U.S.S.G. § 1B1.13(b)(1)(D). As applied to COVID-19, this is no longer the case: both international and domestic health authorities, including the World Health Organization,[4] the United States Centers for Disease Control and Prevention,[5] and the U.S. Federal Government,[6] have made clear that the COVID-19 pandemic has ended.[7] Thus, the COVID-19 pandemic no longer constitutes an "extraordinary and compelling reason" for compassionate release.

### B.    Defendant's age (U.S.S.G. § 1B1.13(b)(2))

There are three requirements for the defendant's age to constitute an extraordinary and compelling reason for release. First, the defendant must be "at least 65 years old." U.S.S.G. § 1B1.13(b)(2). Second, they must be "experiencing a serious deterioration in physical or mental

---

[4] *Statement on the Fifteenth Meeting of the IHR (2005) Emergency Committee on the COVID-19 Pandemic*, WORLD HEALTH ORG. (May 5, 2023), https://www.who.int/news/item/05-05-2023-statement-on-the-fifteenth-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-coronavirus-disease-(covid-19)-pandemic [https://perma.cc/MR64-X7UV].

[5] End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, Ctrs. for Disease Control & Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html#:~:text=The%20federal%20COVID-19%20PHE,share%20certain%20data%20will%20change [https://perma.cc/3S43-2VNT].

[6] *See* National Emergencies Act, PL 118-3, April 10, 2023, 137 Stat 6.

[7] *See also United States v. Ford*, No. 1:16-CR-19, 2023 WL 3477168, at *5 (N.D. Ind. May 15, 2023) (noting that "on May 11, 2023, the federal government ended the COVID-19 Public Health Emergency based on widespread prevention and control measures like vaccination") (quotations omitted).

health because of the aging process." *Id.* Third, the defendant must have "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

   **C.**  **Defendant's family circumstances (U.S.S.G. § 1B1.13(b)(3))**

The Sentencing Commission enumerates four potential reasons for a defendant's family circumstances to constitute an extraordinary and compelling reason for release:

  (A)  The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

  (B)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (C)  The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

  (D)  The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "***immediate family member***" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D).

Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient. *See, e.g.*, *United States v. Newman*, No. CR 122-031, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (finding unsupported assertions that defendant's wife was disabled and that his father required caretaking were "conclusory statements" that were "insufficient to carry his burden of persuasion"). Rather, courts require specific evidence of the defendant's need to serve as a primary caretaker. For example, the defendant must prove with medical support that the family member is incapacitated. *See United States v. Zermeno*,

9

No. 1:16-CR-79(1), 2024 WL 4043445, at *4 (E.D. Tex. Sept. 3, 2024) (collecting cases); *United States v. Romano*, 707 F.Supp.3d 233, 237–38 (E.D.N.Y. 2023) (finding that "[w]ithout medical evidence" of the "father's incapacitation and medical evidence detailing [defendant's] mother's inability to provide his father the necessary assistance, the Court cannot conclude that [the mother] would be an inadequate caregiver."). Statements that a family member is elderly and needs care are insufficient. *Id.* The defendant must also demonstrate why they are the only available caregiver for that family member. *United States v. Lopez,* No. 23-50404, 2024 WL 244935, at *1 (5th Cir. Jan. 23, 2024) (noting that the defendant "failed to explain why his other siblings could not care for his parents"). There must be a reason for the change in that family member's caretaker status. *Id.* (noting the defendant's failure to "allege the death or incapacitation of any current caretaker").

When the caretaking role relates to minors like children, additional requirements apply. For instance, the defendant must show that they would likely gain custody of the child if released. *See, e.g.*, *Zermeno*, 2024 WL 4043445, at *5 (collecting cases). In such a situation, the Court should evaluate whether "release of the inmate to care for the inmate's child is the best interest of the child." U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019)).

### D. Victim of abuse (U.S.S.G. § 1B1.13(b)(4))

Under this section, the defendant must establish that, while in custody, they were a victim of (1) "sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2)"; or (2) "physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to §1B1.1." U.S.S.G. § 1B1.13(b)(4)(A)–(B). The abuse must have been inflicted by either a correctional officer, employee, or contractor of the BOP, or "any other individual who had custody or control over the defendant." *Id.* § 1B1.13(b)(4). Finally, the alleged misconduct "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an

administrative proceeding . . . ." *Id.* But if such proceedings are unduly delayed or the defendant faces imminent danger, a formal adjudication is unnecessary. *Id.*

### E. Other reasons (U.S.S.G. § 1B1.13(b)(5))

The "other reasons" category is a catchall that allows the defendant to "present[] any other circumstance or combination of circumstances" that is "similar in gravity to" the four extraordinary and compelling reasons described in U.S.S.G. § 1B1.13(b)(1)–(4). *Id.* § 1B1.13(b)(5). Although some courts invoked this provision to grant COVID-19-related compassionate release motions, this reasoning no longer applies because the pandemic is over. *See supra* notes 4–7 and accompanying text.

### F. Unusually long sentences (U.S.S.G. § 1B1.13(b)(6))

A defendant must meet three requirements under this section. First, the defendant must be serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(6). Second, they must have served at least ten years of that sentence. *Id.* Third, there must have been a change in law that "produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* This section explicitly excludes non-retroactive changes "to the Guidelines Manual." *Id.* And Fifth Circuit precedent precludes considering non-retroactive changes in *any* law. *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2024) ("A non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)."). Thus, in this circuit, non-retroactive changes are irrelevant.

## IV. The 18 U.S.C. § 3553(a) Factors

Section 3553(a) directs courts to consider the following factors: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect

11

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. *Wilson*, 2024 WL 4267923, at *3 n.7 (citing 18 U.S.C. § 3553(a)).

Importantly, the district court has broad discretion in considering these factors. As the Supreme Court has explained, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case . . . .'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Consistent with the broad discretion granted district courts, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *Id.* at 358 (citation omitted). In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

## V.    The Defendant's Burden

In sum, when seeking compassionate release on their own motion, the defendant must demonstrate that: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" justify the defendant's sentence reduction or the defendant satisfies the

requirements of § 3582(c)(1)(A)(ii);[8] (3) the reduction is consistent with the policy statement of U.S.S.G. § 1B1.13; and (4) the court should exercise its discretion to grant the motion after considering the § 3553(a) factors. *Wilson*, 2024 WL 4267923, at *4 (citing *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *Shkambi*, 993 F.3d at 392; *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022)).

## ANALYSIS

Defendant requests compassionate release primarily based on changes in the law and sentencing, the need to avoid sentencing disparities, and post-sentencing rehabilitation (*See* Dkt. #661). Although Defendant has met 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, he cannot establish "extraordinary and compelling reasons" that warrant reducing his sentence. Defendant's Motion, therefore, must be **DENIED**.

### I.  Defendant Has Met 18 U.S.C. § 3582(c)(1)(A)'s Exhaustion Requirement.

Courts may consider modifying a defendant's sentence under § 3582(c)(1)(A)(i) if the Director of the BOP properly moves for a modification or if a defendant has exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Since Defendant filed his Motion, the Court may only consider it for compassionate release if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Exhausting administrative remedies is unwaivable, requiring a warden's "failure to bring a motion for compassionate release on the defendant's behalf or a warden's lapse of thirty days from the receipt of such a request." *See id.* (citation modified); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a

---

[8] 18 U.S.C. § 3582(c)(1)(A)(ii) states that "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)."

prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . . ."). Here, Defendant's warden denied Defendant's request for compassionate release on August 4, 2023 (Dkt. #665-1 at p. 2). Because Defendant's warden has denied Defendant's claim for compassionate release, the Court finds that Defendant has satisfied the exhaustion requirement. Therefore, Court will now consider the § 1B1.13(b) factors Defendant claims justify his release in turn below.

## II. Changes in the Law Are Not Retroactive and Are Unable to Constitute an Extraordinary and Compelling Reason for Defendant's Case.

First, Defendant argues that changes to the law constitute an extraordinary and compelling reason to grant his Motion (Dkt. #661-1 at pp. 1–2). At the outset, Defendant correctly points out that *Concepcion v. U.S.* allows district courts to reduce sentences. 597 U.S. 481, 487 (2022). But *Concepcion* does not require the Courts to do so. *Id.* ("[T]he First Step Act does not compel courts to exercise their discretion to reduce any sentence."). Defendant then claims he has received an usually long sentence due to enhancements (Dkt. #661-1 at pp. 5–6). If he were to be sentenced today, he believes there would be no enhancement (Dkt. #661-1 at pp. 5–6). Further, he claims that the mandatory minimum would be ten years as opposed to the mandatory twenty years that he was given under the enhancements at the time (Dkt. #661 at p. 6). Defendant draws these conclusions from the First Step Act § 401, which shortened the minimum sentence requirement. First Step Act of 2018 § 401, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A). Under § 401, the mandatory minimum sentence for some defendants has been lowered. *Aguilar v. United States*, No. 1:11-CR-1098-2, 2020 WL 2310036, at *3 (S.D. Tex. Mar. 3, 2020). Regardless, § 401 states that the amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

14

*Id.* at *3. These changes to the law are not retroactive and, therefore, do not affect the case. The Court sentenced Defendant on November 28, 2012; the Act was established in 2018, years after Defendant's sentencing (Dkt. #481). Defendant cannot use this as a basis to meet the threshold for an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025).

Next, Defendant claims that he should have been charged with an inchoate drug crime instead of a serious drug offence under § 401 (Dkt. #661 at p. 6). Defendant states that he should have only received a sentence minimum of ten years instead of twenty years (Dkt. #661 at p. 6). Again, Defendant draws this conclusion from § 401, which states that the amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Aguilar*, 2020 WL 2310036, at *3. Here, this change is not retroactive. Therefore, any changes that have been made do not affect Defendant's case. *See Austin*, 125 F.4th at 693. Indeed, even if Defendant was charged with an inchoate crime, he still would have faced enhancements increasing his sentence due to his previous convictions (Dkt. #661 at p. 6).

*United States v. Vargas* supports this point further. *See* 74 F.4th 673 (5th Cir. 2023). In *Vargas*, the Fifth Circuit—following the U.S. Sentencing Guidelines—affirmed that individuals with multiple drug conspiracies should receive more prison time. *Id.* at 677, 695; *see* U.S. Sent'g Guidelines Manual § 4B1.1(a) (U.S. Sent'g Comm'n 2018). Similarly, Defendant's prior conviction would enhance his current sentence even if he were charged with an inchoate drug crime today.

An extraordinary and compelling reason is a high bar to meet to prompt compassionate release. In *United States v. Escajeda*, the Fifth Circuit defined "extraordinary" as "'beyond or out

of the common order,' 'remarkable,' and synonymous with 'singular.'" 58 F.4th 184, 186 (5th Cir. 2023) (quoting, Webster's New International Dictionary 903 (2d. ed. 1934; 1950) ("Webster's Second")). Following this definition, prisoners have "extraordinary and compelling reasons" for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Austin*, 125 F.4th at 692. Non-retroactive changes in law are neither "unique to the life of a prisoner" nor an "extraordinarily severe exigency" to meet the threshold for an extraordinary and compelling reason. *Id*. In *Austin*, the defendant seeking compassionate release claimed that a non-retroactive change in the law was an extraordinary and compelling reason because the minimum sentence had dropped from twenty years to fifteen years. *Id*. at 690–91. In *Austin*, the Fifth Circuit determined that such a drop gave "no extraordinary and compelling reason for sentence reduction." *Id*. The same is true here.

The Court finds that Defendant has not met the § 3582(c) requirements, as is required when moving for compassionate release. Further, the Court views Defendant's arguments regarding changes in sentencing and the law as unpersuasive in light of *Escajeda* and *Austin*. Therefore, the Court concludes that those changes do not constitute an extraordinary and compelling reason to grant Defendant's Motion for compassionate release.

### III. Defendant Fails to Show Prosecutorial Misconduct and Trial Penalties That Amount to an Extraordinary and Compelling Reason to Support the Motion for Compassionate Release.

Next, Defendant argues that he received a long sentence because of prosecutorial misconduct and because of his choice to try the case instead of accepting a plea deal (Dkt. #661-1 at pp. 6–7). Defendant claims that prosecutors can, in general, threaten enhancements if defendants do not plead guilty (Dkt. #661-1 at p. 7). Defendant makes no attempt to show that he in particular, rather than defendants in general, unduly suffered from prosecutorial misconduct or a severe trial

penalty (Dkt. #661-1 at pp. 6–7). Merely stating that trial penalties and prosecutorial misconduct exist in the abstract cannot support a sentence reduction. Because Defendant does not adequately tie any wrongdoing to his case, his claim for prosecutorial misconduct and a harsh trial penalty does not constitute an extraordinary and compelling reason to reduce his sentence.

### IV. Defendant Is Unable to Show Any Unwarranted Sentences That Would Constitute an Extraordinary and Compelling Reason to Warrant Release.

Next, under this factor, the Court must examine other prisoners who have been found guilty with similar records, including whether sentences vary among prisoners. *See* 18 U.S.C. § 3553(a)(6). At the time of the sentencing, Defendant's sentence was created following the sentencing guidelines (Dkt. #539). Further, the Court previously amended Defendant's sentence, lowering it to 294 months from the original sentence of 360 months (Dkt. #661 at p. 2). Given these changes made consistent with the Sentencing Guidelines, no other facts suggest that Defendant's sentence is unwarranted or too high. As discussed above, in *Austin* the Fifth Circuit determined that there was "no extraordinary and compelling" reason to reduce a sentence based solely on a non-retroactive change in law. *Austin*, 125 F.4th at 692–93. The sentencing given to Defendant follows the Sentencing Guideline and Defendant's sentence was previously modified. Currently there are no sentencing issues that Defendant can raise for review. Therefore, this does not create an extraordinary and compelling reason to grant Defendant's Motion.

### V. Defendant's Post-Sentencing Rehabilitation Is Not an Extraordinary and Compelling Reason.

Finally, Defendants claims his rehabilitation record justifies compassionate release. Although Defendant's rehabilitation may be considered in evaluating "extraordinary and compelling reasons," that alone cannot support a claim for sentence reduction. *See United States v. Hudec*, No. 4:91-cr-0001, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 20, 2020). Here, Defendant

17

successfully completed numerous BOP adult education courses and other rehabilitative programs during his incarceration (Dkt. #657-1 at p. 1; Dkt. #657 at pp. 4–5). The Court finds, however, that Defendant's rehabilitative record alone is not enough to support his release. Though admirable, Defendant's rehabilitative record, without evidence of additional extraordinary and compelling reasons, is insufficient to justify his release.

Overall, the Court concludes that Defendant did not meet his burden to show that his incarceration creates an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A)(i). *See United States v. Stowe*, No. 4:11-CR 00803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstances meeting the test for compassionate release"). Under the rule of finality, federal courts are unable "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)). Compassionate release is one of them, but a defendant must conform to § 3582(c)(1)(A)'s requirements for a court to modify a sentence. Defendant is unable to meet the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i); Defendant's rehabilitation alone does change that. Therefore, Defendant's motion must be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #661) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of August, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE